CASE NO.: 9:17-CV-80176-RLR

**ELLIS PARKER**,

        Plaintiff,

vs.

**TOWN OF PALM BEACH** and
**JOHN T. MORIARTY**, individually,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT TOWN OF PALM BEACH'S AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE is before the Court on Defendant, Town of Palm Beach's, Amended Motion to Dismiss Plaintiff, Ellis Parker's Amended Complaint and Memorandum of Law [DE 12]. The Court has carefully considered this Motion, and the parties' respective responses in opposition thereto and replies in support thereof, and is otherwise fully advised in the premises. For the reasons set forth below, the Town's Motion is granted. Parker's Amended Complaint is dismissed without prejudice as to Counts I, III, and IV against the Town.

### I.      BACKGROUND

Plaintiff Ellis Parker ("Parker") has sued the Town of Palm Beach ("Town") and John T. Moriarty ("Moriarty"), individually, for alleged actions stemming from the alleged search in February 2014 of a vacant condominium he had recently purchased. *See, Amended Complaint,* [DE 8], ¶9. Parker has sued the Town alleging that it violated his Fourth Amendment rights to be free from illegal search and seizure under 42 U.S.C. §1983, trespassed on his property, and invaded his privacy interests. *See id.* ¶¶ 29-34, 41-44 & 45-48. Parker also has a claim against Town code

enforcement officer Moriarty for violating his Fourth Amendment rights under 42 U.S.C. §1983. *Id.* ¶¶ 35-40.

Parker alleges that he bought condominium unit #9 at 2165 Ibis Isle Rd., which adjoined his original unit #8. *Id.* ¶¶ 1,7. In February 2014, Parker allegedly had a cabinetmaker taking measurements in unit #9. *Id.* ¶ 9. The cabinetmaker was inside the unit when someone purportedly knocked at the front door and yelled "law enforcement." *Id.* ¶ 10. Parker claims Moriarty and Town officers opened the door and entered Parker's unit without permission. *Id.* ¶ 11. Parker further claims Moriarty and an officer stayed inside the unit and took pictures documenting renovations made to the unit. *Id.* ¶ 13.

On March 20, 2014, the Town held a hearing before its Code Enforcement Board at which Parker was not present. *Id.* ¶ 16. At this meeting, Moriarty testified and produced photographs of the renovations made by Parker. *Id.* ¶ 17. On April 17, 2014, the Code Enforcement Board held another hearing, and assessed Parker fines until compliance with the Town Code was achieved. *Id.* ¶¶ 19-20. Compliance was achieved on July 23, 2014. *Id.* ¶ 21. A lien was entered against the unit due to unpaid fines and fees, and Parker has been unable to obtain any new permits to make renovations. *Id.* ¶¶ 23-24. Parker's wife has allegedly become debilitated, and Parker claims that he has been unable to make the renovations to accommodate his wife's needs. *Id.* ¶¶ 25-26.

On April 10, 2017, the Town filed its Amended Motion to Dismiss Plaintiff's Amended Complaint with Incorporated Memorandum of Law. [DE 12]. On April 24, 2017, Parker filed his Memorandum in Opposition. [DE 18]. On May 1, 2017, the Town filed its Reply to Plaintiff's Memorandum in Opposition to Town's Motion to Dismiss. [DE 19].

## II.    STANDARD OF REVIEW

When deciding a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations as true and take them in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, a plaintiff is still obligated to provide grounds of his entitlement to relief which require more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See id.* at 561-563. Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009).

## III.    DISCUSSION

### Count I-Fourth Amendment Claim Under 42 U.S.C. §1983

Parker has failed to allege a policy or custom of the Town by which he was harmed. Therefore, this claim must be dismissed as 42 U.S.C. § 1983 does not provide for liability under a theory of *respondeat superior. See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998). A plaintiff may only sue as municipal defendant under 42 U.S.C. § 1983 for a deprivation of a federal right for which a "policy" or "custom" was the moving force. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 695 (1978). The Eleventh Circuit has phrased the test to bring a claim under 42 U.S.C. § 1983 as:

> [T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a policy or custom that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.

*Whittington v. Town of Surfside*, 269 F. Appx 918, 921 (11th Cir. 2008) (citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir.2004)).

Instead, a plaintiff must establish a direct causal connection between a custom, policy, practice or procedure and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92. A plaintiff may do so by either identifying an official promulgated policy *or* by identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. *Grech v. Clayton County, Ga.,* 355 F.3d 1326, 1320-30 (11th Cir. 2003). An isolated incident is *not* sufficient to establish a *de facto* policy. *McDowell*, 392 F. 3d 1283 at 1290 (emphasis added). In order to demonstrate the existence of a custom, "a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *See Brown v. City of Ft. Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991).

Moreover, not only must a plaintiff specifically identify the policy or custom at issue, but a plaintiff must attribute the official policy or unofficial policy or custom to a final policymaker in order to demonstrate that the policy or custom was adopted by a municipality or that were deliberately indifferent to constitutional violations occurring by not taking action to end them. *See Moore v. Miami-Dade County*, 502 F. Supp. 2d 1224, 1231-1232 (S.D. Fla. 2007). In order to establish a policy, a plaintiff must demonstrate a decision officially adopted by a municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. *See Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).

Parker has not identified a single policy or practice that caused Parker's alleged injuries. Parker alleged that a law enforcement officer entered his condominium unit without permission. *See* DE 8 at ¶11. However, taken in the light most favorable to Parker, this cannot manifest itself as a custom or policy as an isolated or one time incident is not sufficient to establish a *de facto* policy. *See McDowell*, 392 F.3d at 1290. Parker cites to *Hartsfield v. Lemacks*, 50 F.3d 950, 955 (11th Cir. 1995) for the proposition that a warrantless search of a resident, absent probable cause or exigent

circumstances, violates the Fourth Amendment. *See* DE 18, pp. 3. While this is factually true, *Hartsfield* is inapplicable to the instant claim as it dealt with the liability of individual officers in the context of qualified immunity. Indeed, *Hartsfield* did not address the liability of a municipality under § 1983, nor can it be used to show an official custom or policy as required under *Monell*. Furthermore, Parker has not shown that such a decision was a policy shown through the repeated acts of a final policymaker for the Town. Parker, in his response, concedes that he does not have evidence at this point to determine the exact policies or procedures and course of conduct on behalf of the Town. These conclusory allegations cannot satisfy such pleading requirements under *Twombly* and *Iqbal*. DE 18, pp. 3.

Alternatively, Parker attempts to satisfy pleading standards under § 1983 by claiming that the Town evinced a "deliberate indifference" to his rights when its officers entered his residence without a warrant or exigent circumstances. However, Parker has not satisfied this heightened standard. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a *known or obvious consequence* of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (emphasis added and internal citations omitted). It requires actual or constructive notice that an action or omission caused the deprivation of a plaintiff's rights. *Id.* "Deliberate indifference" is a high standard of proof made "intentionally onerous" because "imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to *respondeat superior* liability – a result never intended by section 1983." *See Gold v. City of Miami,* 151 F. 3d 1346, 1351 n.10 (11th Cir. 1998). Municipal liability under § 1983 attaches only where "a deliberate choice to follow a course of action is made from various alternatives by city policymakers." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

Parker's Amended Complaint contains no allegations that the Town knew or should have known that its officers were violating the rights of its citizens vis-à-vis warrantless searches. Nor can Parker show a policy that caused the deprivation of his rights, or that a deliberate choice was made to purposefully violate the rights of its citizens. Therefore, Parker's alternative claim under the "deliberate indifference" standard fails. Therefore, Count I of the Amended Complaint is hereby dismissed.

**Count III-Trespass Claim**

Parker fails to state a claim for trespass under Florida law as he has not properly alleged the manner how and the manner in which his property was damaged and that his property value diminished. The measure of damages for trespass to real property is the difference in the property value before and after the trespass. *Horn v. Corkland Corp.*, 518 So. 2d 418, 420 (Fla. 2d DCA 1988). In paragraph 44 of the Amended Complaint, Parker alleges that he "suffered grievously, has been brought into public scandal with great humiliation, has experienced mental suffering with physical symptoms, including, but not limited to, loss of sleep and headaches, and has incurred excessive and improper fines as well as out-of-pocket expenses." [DE 8]. Parker has not alleged that the alleged trespass by the Town caused physical damage to his property. Furthermore, courts have held that emotional damages are "outside the scope of the proper measure of damages for trespass." *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th DCA 1998). Intentional infliction of emotional distress and invasion of privacy are separate and distinct torts from trespass, and therefore, the tort of trespass does not furnish a plaintiff with the ability to recover damages for mental or physical suffering. *Id.* Parker does not appear to contest the Town's assertions that he cannot recover for his mental and physical suffering. Therefore, Parker's failure to plead that the property was diminished in value bars his claim for trespass. Thus, Count III of the Amended Complaint is hereby dismissed.

## Count IV - Invasion of Privacy

Under Florida law, there are three categories of privacy torts: (1) appropriation; (2) intrusion; and (3) public disclosure of private facts. *See Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1308 (M.D. Fla. 2010). Parker's response does not indicate under which of the categories he asserts his claims. Parker clearly does not state a claim for appropriation, which is the "unauthorized use of a person's name or likeness to obtain some benefit." *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156 (Fla. 2003).

In order to establish an invasion of privacy based upon intrusion, a plaintiff must establish (1) an intentional intrusion by the defendant into a matter (2) into which a plaintiff has a right to keep private (3) by the use of a method which is objectionable to the reasonable person. *Purrelli v. State Farm Fire and Cas. Co.,* 698 So. 2d 618 (Fla. 2d DCA 1997); *Oppenheim*, 695 F. Supp. 2d at 1309. The threshold test for such behavior is similar to that in claims of intentional infliction of emotional distress, where the underlying conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible boundaries of decency." *Stoddard v. Wohlfahrt*, 573 So. 2d 1060, 1064 (Fla. 5th DCA 1991). The conduct must be "atrocious, and utterly intolerable in a civilized community." *Id.* The conduct alleged by Parker does not arise to the level of activity so outrageous or extreme to support a claim for invasion of privacy based upon intrusion. Taken in the light most favorable to Parker, Parker's allegations that the Town's officers took pictures documenting renovations does not arise to "atrocious" or "intolerable" conduct "beyond all possible boundaries of decency." Parker has not alleged that the Town or its officers invaded his bathroom, bedroom or searched any areas with heightened privacy interests.

The third set of privacy torts involves "public disclosure of private facts." This tort is the publication of private facts highly offense to a reasonable person and are not of public concern. *Cape Publications, Inc. v. Hitchner*, 549 So. 2d 1374, 1377 (Fla. 1989). The photographs were

subsequently produced before a Code Enforcement Board hearing. DE 8, ¶47. Parker has failed to allege that the pictures documenting renovations were private matters, or further, that the photographs depicted were not of public concern.

Moreover, the tort of privacy is not duplicative of other existing torts. *See Allstate*, 863 So. 2d 156 at 162. It is the right of a private person to be free from public gaze. *Id.* Parker's claim for invasion of privacy is duplicitous of his claims against the Town under Counts I and III. The claims are based upon the same purported actions of the Town's officers, alleged in paragraphs 1 through 28 of the Amended Complaint. In fact, in Parker's Response to Town's Motion to Dismiss, Plaintiff lumps the torts of trespass and invasion of privacy together. *See* DE 18, pp. 4-5. Further, it appears that Plaintiff does not dispute that his causes of actions all stem from the same operative facts. Therefore, Count IV is barred by the limitations of the cause of action of invasion of privacy as stated in *Allstate*.[1]

Plaintiff has failed to state a cause of action for any of the three categories of privacy torts. His action is also barred by the limitations for the cause of action for invasion of privacy. Therefore, Count IV of the Amended Complaint is hereby dismissed.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Town's Amended Motion to Dismiss Plaintiff's Amended Complaint with Incorporated Memorandum of Law [DE 12] is **GRANTED.**

2. Counts I, III, and IV are hereby dismissed.  The Court's dismissal is without prejudice because the amended pleadings deadline in this case has not yet expired, however, in light of the fact that Plaintiff is now granted the third opportunity to draft a complaint the

---

[1] The Court's articulated concerns in this paragraph notwithstanding, the Court will permit Plaintiff the opportunity to argue that (i) Count IV is not duplicative with Count III or (ii) he should be permitted to raise, at this juncture, duplicative claims, see *infra*.

Court will impose certain restrictions. In the event Plaintiff elects to file an amended complaint in response to this Order, Plaintiff must file the amended complaint within five days of the date of rendition of this Order. Plaintiff shall file the amended complaint as an attachment to a motion for leave to amend. Plaintiff's motion for leave to amend must expressly identify each deficiency in the current complaint (addressed in this Order and in Defendant's Motion) and must explain how the amended complaint rectifies all prior deficiencies. Plaintiff must also identify what *additional* allegations have been added to the amended complaint in order to (i) properly state a claim under Count I, (ii) allege property damage or diminution of value in Count II,[2] and (iii) explain how Plaintiff's Count IV is not duplicative with Plaintiff's Count III. *See* footnote 1, *supra*.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 19th day of June, 2017.

_____
**ROBIN L. ROSENBERG**
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record

---

[2] The Plaintiff should directly address whether Plaintiff concedes that intentional infliction of emotional distress cannot serve as a basis for Count III.